Filing # 113756862 E-Filed 09/22/2020 12:32:26 PM

IN THE CIRCUIT COURT OF THE<br>
FIFTH JUDICIAL CIRCUIT, IN AND FOR<br>
LAKE COUNTY, FLORIDA

JOAN ANN DOYLE,   Case No.:

    Plaintiff,

v.

BELK, INC.,

    Defendant.

_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, JOAN ANN DOYLE, by and through the undersigned attorney, and sues the Defendant, BELK, INC. and states:

1. This is an action for damages that exceeds the sum of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001.00" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purpose only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto Plaintiff, JOAN ANN DOYLE, was a resident of The Villages, Sumter County, Florida.

3. At all times material hereto the Defendant, BELK, INC. was a Foreign Profit Corporation licensed to do and doing business in Lady Lake, Lake County, Florida.

4. At all times material hereto the Defendant, BELK, INC., was in possession and/or control of and/or maintained that certain business known as Belk, located at 1020 Bichara Blvd., Lady Lake, Lake County, Florida, said business being that of a department store, open to the general public, including the Plaintiff herein.

5. On or about October 14, 2016, the Plaintiff, JOAN ANN DOYLE, visited Defendant, BELK, INC. premises located at the above mentioned address to shop as a retail customer.

6. At said time and place Plaintiff, JOAN ANN DOYLE, was a guest at BELK, INC. and lawfully upon the premises of the Defendant.

7. At said time and place, while Plaintiff, JOAN ANN DOYLE, was visiting Defendant's premises located at the above address as a retail customer, as she was walking to the restroom she slipped and fell on a liquid substance that was negligently left on the floor causing her to fall, sustaining significant bodily injuries.

8. At said time and place, Defendant, BELK, INC., was in possession and/or control of and/or maintained the subject area where Plaintiff, JOAN ANN DOYLE slipped and fell.

9. At all times material hereto, Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition and to correct any dangerous condition about which it either knew or should have known by the use of reasonable care to avoid injuries to its customers, including Plaintiff, JOAN ANN DOYLE.

10. Further, Defendant owed Plaintiff a duty to warn of any latent conditions about which it had, or should have had, knowledge greater than Plaintiff and which created an unreasonable risk of harm to Plaintiff.

11. At said time and place, Defendant, BELK, INC., negligently breached the duties it owed to Plaintiff.

12. At all times material to the subject incident, Defendant had actual knowledge of the dangerous condition and failed to take action to remedy it.

13. At all times material to the subject incident, Defendant had constructive knowledge of the dangerous condition because the dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition, and/or the condition occurred with regularity and was therefore foreseeable.

14. As a direct and proximate result of the negligence of Defendant, BELK, INC., Plaintiff, JOAN ANN DOYLE, suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish and pain, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition and has incurred substantial medical expenses for treatment and care, past, present and future.  Said losses, injuries, and expenses are either permanent or continuing in nature and Plaintiff, JOAN ANN DOYLE, will continue to suffer same in the future.

WHEREFORE, Plaintiff, JOAN ANN DOYLE, demands judgment for damages, cost, prejudgment interest for any out of pocket payments for expenses made by Plaintiff prior to entry of judgment against Defendant, BELK, INC, and such relief deemed proper by the Court.  Plaintiff also demands trial by jury on all issues so triable.

DATED this 22nd day of September, 2020.

/s/ *D. Graham Anderson*
D. Graham Anderson, Esq.
Florida Bar No.: 62443
Bogin, Munns & Munns, P.A.
1390 N. Hancock Road, Suite 201
Clermont, FL  34711
(352)243-8981
Attorney for Plaintiff
ganderson@boginmunns.com
cscherr@boginmunns.com
aquintana@boginmunns.com
bmmservice@boginmunns.com